1

2

3

4

5

6

7

8                      IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10    ORLANDO ELLISON,

11              Plaintiff,                    No. CIV S-03-1391 FCD JFM P

12          vs.

13    DR. NADIM KHOURY, et al.,               ORDER AND

14              Defendants.                   FINDINGS AND RECOMMENDATIONS

15    _____/

16              Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil

17    rights action pursuant to 42 U.S.C. § 1983.  This matter is before the court on defendant Dr.

18    Bhagavan's motion to set aside the clerk's entry of default and on plaintiff's motion for default

19    judgment.[1]

20              By order filed April 22, 2004, this court ordered the United States Marshal to

21    notify defendant Bhagavan of the commencement of this action and to request a waiver of service

22    from said defendant.[2]  A waiver of service, signed by defendant Bhagavan on June 14, 2004, was

23    _____

24        [1]  Summary judgment has been granted for the other three defendants in this action.  See
      Order filed March 30, 2005.

25        [2]  Defendant Bhagavan has been identified as "Dr. Bhagavon" in several orders of this
      court.  The court will henceforth use the correct spelling of defendant Bhagavan's name as it
26    appears in his motion to set aside entry of default.

                                            1

1   filed in this action on June 30, 2004.  The signed waiver of service reflects a change of defendant

2   Bhagavan's address to Bangalore, India.  The waiver indicated that a response to the complaint

3   was due sixty or ninety days from April 29, 2004, depending on where the request for waiver of

4   service was sent.  Both periods elapsed without a responsive pleading from defendant Bhagavan

5   and on February 2, 2005, this court directed the Clerk of the Court to enter defendant Bhagavan's

6   default.

7           By order filed February 17, 2005, plaintiff was granted a period of twenty days in

8   which to seek appropriate relief against defendant Bhagavan.  On Feburary 23, 2005, defendant

9   Bhagavan filed the instant motion to set aside entry of default.  Plaintiff filed a motion for default

10  judgment on March 10, 2005.

11          Rule 55(c) provides that a court may set aside a default for
            "good cause shown." . . . .  The "good cause" standard that governs
12          vacating an entry of default under Rule 55(c) is the same standard
            that governs vacating a default judgment under Rule 60(b).  See
13          TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 696 (9th
            Cir.2001).  The good cause analysis considers three factors:
14          (1) whether [defendant] engaged in culpable conduct that led to the
            default; (2) whether [defendant] had a meritorious defense; or (3)
15          whether reopening the default judgment would prejudice
            [plaintiff].  See id.

16

17  Franchise Holding II, LLC v. Huntington Restaurants Group, Inc., 375 F.3d 922, 296 (9th Cir.

18  2004).

19          The record reflects no culpable conduct by defendant Bhagavan leading to entry of

20  default.  Defendant Bhagavan has submitted evidence that following receipt of the summons,

21  complaint, and request for waiver of service he sent an e:mail to his employer, the National

22  Medical Registry, to inquire about the status of the case and was told that the company's

23  insurance carrier was taking care of the matter.  (See Declaration of N.K. Bhagavan, M.D., filed

24  February 23, 2005.)  Defendant has also submitted evidence that the insurance company's claims

25  superintendent assigned to the matter mistakenly thought that the only defendant in this case

26  covered by the insurer was Dr. Nadim Khoury, and that this mistake controlled inquiries from the

2

1  insurance carrier about the case until February 2005, when defendant Bhagavan's default was

2  entered.  (See Declaration of Robert L. Johnston, filed February 23, 2005.)  Defendant Bhagavan

3  has also presented evidence of a potentially meritorious defense to plaintiff's claims.  (See

4  Bhagavan Declaration.)  Moreover, the record reflects no cognizable prejudice to plaintiff from

5  setting aside the entry of default.

6              For all of the foregoing reasons, defendant Bhagavan's motion to set aside entry

7  of default should be granted.  Since the entry of default should be set aside, plaintiff's motion for

8  default judgment should be denied.

9              In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the

10  Court is directed to serve on defendant Bhagavan a copy of the discovery order filed in this

11  action on November 24, 2003; and

12              IT IS HEREBY RECOMMENDED that

13              1.  Defendant Bhagavan's February 23, 2005 motion to set aside entry of default

14  be granted;

15              2.  The Clerk of the Court be directed to set aside the default entered against

16  defendant Bhagavan;

17              3.  Defendant Bhagavan be directed to respond to the complaint within ten days

18  from the date of any order by the district court adopting these findings and recommendations; and

19              4.  Plaintiff's March 16, 2005 and May 10, 2005 motions for default judgment be

20  denied.

21              These findings and recommendations are submitted to the United States District

22  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

23  days after being served with these findings and recommendations, any party may file written

24  objections with the court and serve a copy on all parties.  Such a document should be captioned

25  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

26  shall be served and filed within ten days after service of the objections.  The parties are advised

3

1   that failure to file objections within the specified time may waive the right to appeal the District

2   Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

3   DATED:  December 20, 2005.

4

5                                            UNITED STATES MAGISTRATE JUDGE

6

7   12
    elli1391.57def
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26