IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ORLANDO ELLISON,

        Plaintiff,                    No. CIV S-03-1391 FCD JFM P

    vs.

DR. NADIM KHOURY, et al.,

        Defendants.              FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. This matter is before the court on defendant Bhagavan's[1] motion for sanctions due to plaintiff's failure to comply with a September 29, 2006 order of this court requiring plaintiff to serve discovery responses on defendant Bhagavan. Defendant Bhagavan seeks dismissal with prejudice or, in the alternative, an order deeming admitted his requests for admissions, set number one. Plaintiff has not opposed the motion.[2]

/////

---

[1] Summary judgment has been entered for the other defendants in this action. See Order filed April 7, 2005.

[2] By order filed September 16, 2003, plaintiff was advised of the requirements for filing opposition to motions filed in this action.

1

1    Rule 37(b)(2) of the Federal Rules of Civil Procedure provides for the imposition

2 of sanctions on any party who fails to comply with a court order to provide discovery. Fed. R.

3 Civ. P. 37(b)(2). Possible sanctions include dismissal of an action. Fed. R. Civ. P. 37(b)(2).

> A district court has the discretion to impose the extreme sanction of dismissal if there has been "flagrant, bad faith disregard of discovery duties." Wanderer v. Johnston, 910 F.2d 652, 655-56 (9th Cir.1990) (citing National Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976)). Because the sanction of dismissal is such a harsh penalty, the district court must weigh five factors before imposing dismissal: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to [the party seeking sanctions]; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Id. at 656 (quoting Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir.1987), cert. denied , 488 U.S. 819, 109 S.Ct. 59, 102 L.Ed.2d 37 (1988)).

Porter v. Martinez, 941 F.2d 732, 733 (9th Cir. 1991).

By order filed September 29, 2006, defendant Bhagavan'motion to compel further discovery responses was granted and plaintiff was granted thirty days in which to file and serve responses to defendant Bhagavan's first set of interrogatories, first request for production of documents, and first request for admissions. (Order filed September 29, 2006, at 2.) In that order, plaintiff was cautioned that failure to comply would result in an order deeming admitted each of the twenty-nine statements in defendant's request for admissions and might result in the imposition of sanctions, including dismissal of this action. On October 27, 2006, plaintiff filed a document styled "Notice; Motion of Irreparable Injury," in which he alleges that on September 24, 2006, a correctional officer at California Medical Facility confiscated from plaintiff approximately thirty medical ducats and some "handwritten medical pages." (Notice, filed October 27, 2006, at 1.) Plaintiff alleges that these events "deprived plaintiff from completing his discovery to support his claim." (Id. at 2.) He does not therein seek reconsideration of, or other relief from, the September 29, 2006 order. It is undisputed that plaintiff has failed to comply with the September 29, 2006 order in any way.

1  In determining to recommend that this action be dismissed, the court has
2  considered the five factors set forth supra.  The first two factors strongly support dismissal of this
3  action.  The action has been pending for three and one half years.  The claims against all
4  defendants except defendant Bhagavan have all been resolved, discovery is now closed, and the
5  action is approaching the stage, set by the court's scheduling order filed August 2, 2006, for the
6  filing of dispositive motions as to any remaining claims and, if necessary, preparation for pretrial
7  conference and jury trial.  (See Second Revised Scheduling Order, filed August 2, 2006.)
8  Plaintiff's failure to comply with the Local Rules and the court's September 29, 2006 order or to
9  oppose the instant motion suggests that he has abandoned this action and that further time spent
10 by the court thereon will consume scarce judicial resources in addressing litigation which
11 plaintiff demonstrates no intention to pursue.

12  The third factor and fifth factors, prejudice to defendant and the availability of
13 less drastic sanctions, also favors dismissal.  Plaintiff has failed to respond in any way to the
14 court's order to provide further discovery responses to defendant Bhagavan, and has given no
15 indication of any intention to comply with that order or to respond to the instant motion.
16 Defendant Bhagavan is therefore left to proceed without any discovery responses from plaintiff.
17 While the court could, as an alternative sanction, deem admitted defendant Bhagavan's request
18 for admissions and preclude plaintiff from offering any evidence sought by defendant through the
19 other discovery requests, defendant Bhagavan would still be required to take further steps to
20 defend and bring to resolution an action plaintiff shows no intention of pursuing.

21  The fourth factor, public policy favoring disposition of cases on their merits,
22 weighs against dismissal of this action as a sanction.  However, for the reasons set forth supra,
23 the first, second, and fifth factors strongly support dismissal and the third factor does not mitigate
24 against it.  Under the circumstances of this case, those factors outweigh the general public policy
25 favoring disposition of cases on their merits.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1263 (9th
26 Cir. 1992).

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1. Defendant Bhagavan's November 16, 2006 motion for sanctions be granted;

2. Plaintiff's claims against defendant Bhagavan be dismissed with prejudice; and

3. This action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 25, 2007.

UNITED STATES MAGISTRATE JUDGE

12
elli1391.dm

4